# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ BANNING 311 E. Ramsey St., Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ HEMET 660 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
JAMES HAWKINS APLC
James R. Hawkins, Esq. SBN 192925; Isandra Y. Fernandez, Esq. SBN 220482
9880 Research Drive, Ste 200, Irvine, CA 92618

TELEPHONE NO: 949-387-7200          FAX NO. (Optional):
E-MAIL ADDRESS (Optional): Isandra@jameshawkinsaplc.com
ATTORNEY FOR (Name): Plaintiff Juan C. Avalos

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 1 2 2018

B. VOTRUBA

PLAINTIFF/PETITIONER: Juan C. Avalos

DEFENDANT/RESPONDENT: Amazon.com LLC; a Delaware limited liability co.

CASE NUMBER:
RIC 1 8 0 1 0 2 6

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of:  92551

☐  The action concerns real property located in the zip code of:  _____

☐  The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  January 12, 2018

Isandra Y. Fernandez
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶  _Isandra Fernandez_ (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

**Exhibit A, Page 15**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

JAMES HAWKINS APLC
James R. Hawkins, Esq. SBN 192925; Isandra Y. Fernandez, Esq. SBN 220482
9880 Research Drive, Ste 200 Irvine, CA 92618

TELEPHONE NO: 949-387-7200    FAX NO: 949-387-6676
ATTORNEY FOR (Name): Plaintiff Juan C. Avalos

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS: 4050 Main St
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside County Superior Court

CASE NAME:
Avalos v. Amazon.com LLC., et. al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | RIC CASE NUMBER: 1801026 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 6
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 12, 2018
Isandra Y. Fernandez
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**Exhibit A, Page 16**

James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 12 2018

B. VOTRUBA

Attorneys for Plaintiff, JUAN C. AVALOS
on behalf of himself and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF RIVERSIDE

RIC **1 8 0 1 0 2 6**

| | |
|---|---|
| JUAN C. AVALOS , on behalf of himself and all others similarly situated<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM,LLC; a Delaware limited liability company; GOLDEN STATE FC, LLC., a Delaware limited liability company and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:<br>DEPT:<br><br>**CLASS ACTION COMPLAINT**<br><br>1) **Failure to pay Lawful Wages**<br>2) **Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof**<br>3) **Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof**<br>4) **Failure to Timely Pay Wages**<br>5) **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions**<br>6) **Violations of the Unfair Competition Law**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff JUAN C. AVALOS  on behalf of himself and all others similarly situated assert

claims against Defendant AMAZON.COM, a Delaware limited liability company and GOLDEN

STATE FC, LLC a Delaware limited liability company and DOES 1 through 50, inclusive

(hereinafter collectively referred to as "Defendants" ) as follows:

- 1 -

CLASS ACTION COMPLAINT

# I.

## __INTRODUCTION__

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, brought against Defendants  AMAZON.COM (hereinafter "AMAZON") and GOLDEN STATE FC, LLC. (hereinafter "GOLDEN STATE" and collectively referred to as "Defendants") on behalf of Plaintiff JUAN C. AVALOS  (hereinafter "Plaintiff") and all current and former non- exempt employees  employed by either directly by AMAZON.COM and/or GOLDEN STATE who worked at   AMAZON.COM's fulfillment centers located in California.   (hereinafter referred to as "Non-Exempt Employees" and/or "Class Members").

2.      During the liability period, defined as the applicable statute of limitations for each and every cause of action contained  herein, Defendants enforced shift schedules, employment policies and practices, and workload requirements wherein Plaintiff and all other Non Exempt Employees: (1) were not paid proper wages they earned for all hours they worked including overtime compensation; (2)  were not permitted to take their full statutorily authorized rest and meal periods, or had their rest and meal periods shortened or provided to them late due to the scheduling and work load and time requirements placed upon them by Defendants.  Defendants failed to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period and/or rest period that was not properly provided.

3.      During the liability period, Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

4.      During the liability period, Defendants have also failed to pay all wages owed to discharged or resigned employees in a timely manner.

5.      Plaintiff, on behalf of himself and all Class Members, bring this action pursuant to Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194 California Code of Regulations, Title 8, section 11010 *et seq*. and any other applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid wages and overtime compensation, unpaid

CLASS ACTION COMPLAINT          **Exhibit A, Page 18**

rest and meal period compensation, penalties and other equitable relief, and reasonable attorneys' fees and costs.

6.    Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay all overtime wages and rest and meal period premiums to each of their Non-Exempt Employees.

## II.

## VENUE

7.    Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395. Defendant conducts substantial and continuous commercial activities in Riverside County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. Defendants employ numerous Class Members in Riverside County, California.

## III.

## PARTIES

8.    Plaintiff is, and at all times mentioned in this complaint was, a resident of Moreno Valley, California.

9.    On information and belief, Defendants were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

10.    The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the

- 3 -

true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## FACTUAL BACKGROUND

12.     On information and belief, AMAZON.COM owns warehouses which are referred to as "fulfillment centers" from which the products that are bought on AMAZON.COM are shipped.

13.     On information and belief, GOLDEN STATE is a company that operates the AMAZON.COM fulfillment centers located in California.

14.     Plaintiff worked at Defendants' fulfillment center located in Moreno Valley, California from in or about July 2016 through in or about May 2017 and worked in the "out bound" department processing packages that were going to be distributed.

15.     During the relevant time frame, Plaintiff and Class Members were subjected to Defendants' policy and practice of requiring that Class Members' pass through metal detectors/ security check after clocking out for their meal breaks, when taking their rest breaks and after clocking out at the end of their shifts. Due to the large number of Class Members who were exiting at the same time, the time spent waiting in line could range between two to over four minutes.

16.     During the relevant time frame, Defendants have had a policy and practice of failing to pay all wages due under its bonus policies.  At all relevant times herein, Defendants did not include bonus payments in the calculation of overtime wages.

17.      At all times relevant, Plaintiff and Class Members routinely worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.  Plaintiff and Class Members were

- 4 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 20**

required by Defendant to spend several minutes each day off-the-clock and without pay at the start and end of their shifts.

18. As Non Exempt Employees, Plaintiff and Class Members were frequently required to work in excess of five (5) hours without a minimum thirty (30) minute meal period due to the time spend waiting in line to go through security after clocking out for their scheduled thirty (30) minute meal break. Additionally, Plaintiff and Class Members were not provided with a second minimum 30 minute meal period when they worked in excess of ten (10) hours and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not lawfully provided,  in violation of California labor laws, regulations and IWC Wage Order.

19. Due to the security check requirement and distance that Non Exempt Employees had to walk in order to take their rest breaks, Plaintiff and Class Members were frequently required to work without being permitted or authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof. Plaintiff and Class Members were not provided a third ten (10) minute rest break when they worked shifts over ten hours in a day and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

20. On information and belief, Defendants willfully failed to pay all earned wages in a timely manner to Non Exempt Employees; nor has Defendant paid to Non Exempt Employees, upon or after termination of their employment with Defendant, all compensation due, including but not limited to all wages owed and compensation for having failed to properly provide rest periods and meal periods.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed thousands of non exempt employees who work in the fulfillment centers operated by GOLDEN STATE in State of California.

CLASS ACTION COMPLAINT          **Exhibit A, Page 21**

22.     Non-Exempt Employees employed by Defendants, at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

**V.**

**CLASS ACTION ALLEGATIONS**

23.     Plaintiff seeks to represent a Class comprised of and defined as:  All persons who were employed either directly and or jointly by  AMAZON.COM and/or GOLDEN STATE who worked at Defendants' fulfillment centers located  in California and who are/were not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

24.     Plaintiff also seeks to represent Subclasses which are composed of persons satisfying the following definitions:

a.     All persons who were employed either directly and or jointly by AMAZON.COM and/or GOLDEN STATE who worked at Defendants' fulfillment centers  in California who, within the liability period, have worked as non exempt employees and were not accurately and fully paid all wages owed to them for all their hours worked;

b.     All persons who were employed either directly and or jointly by AMAZON.COM and/or GOLDEN STATE who worked at Defendants' fulfillment centers  in California who, within the liability period, and have not been provided an uninterrupted 30 minute meal period when they worked over five hours in a work shift and/ or a second 30 minute meal period when they worked over 10 hours in a shift by the end of the tenth hour and were not provided compensation in lieu thereof;

c.     All persons who were employed either directly and or jointly by AMAZON.COM and/or GOLDEN STATE who worked at Defendants' fulfillment centers  in California who, within the liability period, have worked as non exempt employees and have not been provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked per day and were not provided compensation in lieu thereof;

- 6 -

d.      All persons who were employed either directly and or jointly by AMAZON.COM and/or GOLDEN STATE who worked at Defendants' fulfillment centers in California who, within the liability period, have worked as non exempt employees and who were not timely paid all wages due and owed to them upon the termination of their employment with Defendants; and

e.      All persons who were employed either directly and or jointly by AMAZON.COM and/or GOLDEN STATE who worked at Defendants' fulfillment centers in California who, within the liability period, have worked as non exempt employees and who were not provided with accurate and complete itemized wage statements.

25.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

26.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. <u>Numerosity</u>**

27.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed over one thousand Non-Exempt Employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. <u>Commonality</u>**

28.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.      Whether Defendants violated Labor Code §§ 510, 1194 and applicable IWC Wage Orders by failing to pay all earned wages including overtime compensation to Non-

CLASS ACTION COMPLAINT          **Exhibit A, Page 23**

Exempt Employees who worked in excess of eight (8) hours in a work day and/or more than forty (40) hours in a workweek;

ii.      Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30 minute meal periods to Non-Exempt Employees on days in which they worked in excess of 5 hours and/or 10 hours and failing to compensate said employees one hour wages in lieu of meal periods;

iii.     Whether Defendants violated Labor Code sections 226.7 and applicable IWC Wage Orders by failing to provide minimum 10 minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iv.      Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages due and owing at the time that any Non-Exempt Employees' employment with Defendants terminated;

v.       Whether Defendants violated sections 226 of the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

vi.      Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to pay proper overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a workday and/or more than forty(40) hours in a workweek; failing to provide proper rest and/or meal periods and failing to pay compensation in lieu thereof;  failing to pay wages due and owing at the time the employee's employment with Defendants terminated failing to keep accurate records all in violation of  Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, and applicable IWC Wage Orders.

vii.     Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

- 8 -

CLASS ACTION COMPLAINT          **Exhibit A, Page 24**

**C. <u>Typicality</u>**

29.     The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions

**E. <u>Superiority of Class Action</u>**

31.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

32.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**VI**.
**<u>CAUSES OF ACTION</u>**

**First Cause of Action**
Failure to Pay Overtime Wages
(Lab. Code §§ 1194 1199)
<u>(Against All Defendants)</u>

33.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

- 9 -

CLASS ACTION COMPLAINT          **Exhibit A, Page 25**

34.    During the liability period, Defendants' policies, practices and work shift requirements resulted in Plaintiff and Class Members not receiving compensation for all earned wages including overtime in violation of California state wage and hour laws.

35.    During the liability Defendants' policies and/or practices resulted in Plaintiff and Non Exempt Employees spending time, off the clock, in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

36.    During the liability period, Defendants have had a consistent policy and practice of failing to pay all wages due under its bonus policies.  At all relevant times herein, Defendants did not include bonus payments in the calculation of overtime wages.

37.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of compensation for all earned wages including overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194.

38.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, 512, IWC Wage Orders)
(Against All Defendants)

39.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

40.     By their failure to provide 30 minute uninterrupted meal to Non-Exempt employees who worked shifts in excess of 5 hours and/or failing to provide a second 30 minute uninterrupted meal period for days in which the Non Exempt Employees worked shifts in excess of 10 hours and  failing to provide compensation for such statutorily non-compliant meal periods, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage Orders

- 10 -

CLASS ACTION COMPLAINT          **Exhibit A, Page 26**

41.    By failing to record and maintain adequate and accurate time records according to sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff and Class Members.

42.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

43.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants

44.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

45.    By their failure to provide a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non Exempt Employees, and failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC applicable Wage Orders.

47.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

48.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Fourth Cause of Action**
Failure to Timely Pay Wages Due At Termination
(Lab. Code §§ 201-203)

- 11 -

CLASS ACTION COMPLAINT    **Exhibit A, Page 27**

(<u>Against All Defendants</u>)

49.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

50.     Sections 201 and 202 of the California Labor Code require Defendants to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

51.     Affected class members are entitled to compensation for all forms of wages earned, including overtime compensation and compensation for non provided rest and meal periods but to date have not received such compensation therefore entitling them Labor Code section 203 penalties.

52.     More than 30 days have passed since Plaintiff and affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code §203.  As a consequence of Defendants' willful conduct in not paying all earned wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

53.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Fifth Cause of Action**
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226(b))
(<u>Against All Defendants</u>)

54.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

55.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours

- 12 -

worked by Plaintiff and the members of the proposed class. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226

56.     Plaintiff and Class Members have been injured by Defendants' actions by rendering them unaware of the full compensation to which they were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders.

57.     Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

58.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Sixth Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
(Against All Defendants)

59.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

60.     Defendants' policies, activities, and actions, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

61.     A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and practice of failing to pay Plaintiff and Class Members overtime wages over the past four (4) years violates Labor Code §1198 and §510.  Defendants' policy of failing to provide Plaintiff and the Class with compliant meal periods and rest breaks within the prescribed time frames or the one

- 13 -

CLASS ACTION COMPLAINT          **Exhibit A, Page 29**

(1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7.  Defendants also failed to make timely payments of wages in accordance with Labor Code sections 201-203.

62.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

63.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

64.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  For premium wages pursuant to Labor Code §§ 226.7 and 512;

5.  For premium pay and penalties pursuant to Labor Code §203;

6.  For attorneys' fees, interests and costs of suit under Labor Code §1194

7.  For such other and further relief as the Court deems just and proper.

///
///

- 14 -

CLASS ACTION COMPLAINT          **Exhibit A, Page 30**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.


**Dated:  January 12, 2018**            **JAMES HAWKINS, APLC**

_____
James R. Hawkins, Esq.
Isandra Y. Fernandez, Esq.
Attorneys for Plaintiff
JUAN C. AVALOS

CLASS ACTION COMPLAINT            **Exhibit A, Page 31**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

4050 Main Street - 2nd Floor
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

AVALOS VS AMAZON.COM LLi

CASE NO. RIC1801026

This case is assigned to the Honorable Judge Sharon J. Waters in Department 10 for all purposes.

The Case Management Conference is scheduled for 03/13/18 at 8:30 in Department 10.

Department 5 and 10 are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____

BRIAN M VOTRUBA, Deputy Clerk

Date: 01/12/18

**Exhibit A, Page 32**

ccadcc
12/11/14

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 1 2 2018

B. VOTRUBA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN C. AVALOS , on behalf of himself and all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Superior Court | CASE NUMBER: *(Número del Caso):* RIC **1 8 0 1 0 2 6** |
|---|---|
| 4050 Main St, Riverside, CA 92501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS, APLC, 9880 Research Drive., Suite 200, Irvine, CA 92618, (949)387-7200

| DATE: **JAN 1 2 2018** *(Fecha)* | Clerk, by *(Secretario)* B. VOTRUBA | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit A, Page 33**

SUM-200(A)

| SHORT TITLE:<br>Avalos v. Amazon.Com LLC | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

AMAZON.COM,LLC; a Delaware limited liability company; GOLDEN STATE FC, LLC., a Delaware limited liability company and DOES 1 through 50, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**Exhibit A, Page 34**

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| CASE TITLE:  AVALOS VS. AMAZON.COM LLC | Depart.  10 |
|---|---|
| CASE NO.:    RIC1801026 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE |
| DATE:        JANUARY 18, 2018 | |
| PROCEEDING:  Case Management Order – Class Action | JAN 2 6 2018<br>L. Hall |

Unless and until ordered otherwise, the following provisions shall govern the management of this case.  Plaintiff shall serve a copy of this order on all parties and shall file proof of service of the same.

A.    Case Management

     1.    The Court provisionally finds that this is a complex case.  (Cal. Rules of Court, rules 3.400(c)(6) and 3.403(b).)  The clerk shall impose fees accordingly.  The court will entertain objections to this designation at the next Case Management Conference/Status hearing.

     2.    The Court finds that this case involves exceptional circumstances that are likely to prevent this case from meeting the goals and deadlines set by California Rules of Court, rule 3.713(b).  Accordingly, this case is exempt from those case disposition time goals.  (*Id.*, rule 3.714(c)(1).)  With the input from the parties, the Court shall develop a case progression plan with the goal of disposing of the case within three years.  (*Id.*, rule 3.714(c)(2).)

     3.    This case has been assigned to Department 10 for all purposes, including case management, law and motion, and trial.

     4.    Five days before the initial case management conference, the parties shall file a joint statement proposing a case progression plan, which shall include a mediation schedule, a pre-certification discovery schedule, a proposed time for determining class certification, a proposed post-certification discovery schedule and a proposed trial date.  Five days before any subsequent case management or status conference, the parties shall file a joint statement addressing the status of the case, including compliance with the case progression plan, the progress of discovery and mediation and identifying any issues the parties would like to discuss with the court.  **The parties shall not file Case Management Statements on Judicial Council form CM-110.**

     5.    **The lead counsel shall personally appear at all case management/status conferences.  Court Call is not permitted.**

B.    Pleadings

1.    Before filing a demurrer, a motion to strike, a motion for judgment on the pleadings, or any other challenge to an opponent's pleading, the parties shall meet and confer to determine whether the challenge is arguably meritorious and, if so, whether the parties will stipulate to leave to amend being granted to allow the pleading to be amended in an attempt to cure the asserted defect. Additionally, if any party believes that its pleadings require amendment, before filing any motion to amend, the parties shall meet and confer to determine whether the parties will stipulate to leave to amend being granted.

By "meet and confer," the Court means that counsel for the parties shall meet with each other, either by telephone or in person, to discuss any arguable defects in the pleadings, and whether those potential defects can be resolved or diminished by amendment. Merely sending a letter to opposing counsel does not constitute a meeting, and thus does not comply with this order.

2.    Any challenge to a pleading, and any motion for leave to amend a pleading, must be accompanied by a declaration describing those meet-and-confer efforts and establishing that such a stipulation to amend was sought without success.

3.    No original proposed pleadings shall be attached as an exhibit to any motion or stipulation. Original proposed pleadings shall be submitted concurrently with the motion or stipulation.

C.    Discovery

1.    All formal pre-certification discovery is hereby stayed pending further order of the court.

2.    All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) will be stayed until a motion regarding class certification is filed and decided.

3.    Before the court will permit a party to propound any formal discovery concerning class-certification issues, the party must demonstrate that they have met and confer with the opposing party(s) to discuss both (a) the scope and sources of the information needed to support or oppose such a motion and (b) whether the parties will agree to exchange that information informally and were unable to reach an agreement.

4.    No discovery motions may be filed without leave of court. If the parties are unable to resolve a discovery dispute, then counsel shall contact the clerk of this department to schedule an informal conference at which the court will discuss the dispute with counsel and, if not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion. The conference may be conducted by telephone or in person, as counsel prefer.

D.    Mediation

   1. The court expects the parties to engage in private mediation at the earliest practicable time. By this the court means the court expects the parties to engage in private mediation prior to the filing of any motion regarding class certification and when each party has obtained, through informal means, sufficient information from the opposing party(s) so as to be able to engage in meaningful mediation.

E. Motions for Preliminary Approval of Settlement

   If the matter is settled and a motion for preliminary approval of the settlement is filed:

   In General

   1. The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

    a. Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded if the action were successful at trial on all of its claims.

    b. Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks.

    c. Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved. If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

    d. States (i) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (ii) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions.

    e. Discusses any agreement about how attorney fees will be paid, including fee splitting, and whether the client(s) has been given written notice.

    f. Provides a summary of the case, including the legal and factual basis for each claim.

    ·  g.      Provides a summary of the investigation and discovery conducted by class counsel.

    2.   ·   The motion shall be supported by a declaration from the defendant's attorney that (a) states whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (b) describes the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions.

    3.      The motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members.

    4.      If the settlement requires the class members to submit claims, the motion shall explain why a claim process is reasonably necessary. If the defendant knows (a) the identity of the class members, (b) their addresses or former addresses, and (c) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

    5.      Any release to be given by the participating class members, other than the class representative(s) shall be limited to:

        a.      The defendants named in the complaint, together with their officers, directors, employees and agents, successors and assigns. If any other parties are sought to be released, the settlement agreement shall both identify those other parties and explain the facts that justify their inclusion.

        b.      The claims stated in the complaint and those based on the facts alleged in the complaint.

    6.      If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by a declaration describing the administrator's competence, the fee to be charged by the administrator, and whether that fee is fixed or hourly.

    7.      The motion shall describe how the value of any uncashed checks will be distributed.

    8.      If the settlement includes compensation for unpaid wages, the motion shall describe how the employer's share of any applicable payroll taxes will be handled.

    9.      If the settlement provides for the payment of penalties under PAGA, the motion shall be accompanied by a declaration describing how the penalties were calculated and otherwise

establishing facts sufficient to allow the Court to review and approve those penalties as required by Labor Code section 2699, subdivision (*l*). If the agreed-upon amount of the penalties is less than the statutory maximum, the declaration shall explain why greater penalties would be unjust, arbitrary and oppressive, or confiscatory. (*Id.*, subd. (e)(2); *Amaral vs. Cintax Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1213-1214.)

10.    The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form and claim form, if any – shall be drafted in a manner that is likely to be readily understood by the members of the class, given their likely age, education, experience, and English-language facility. To assist the Court in determining whether those documents comply with that directive, the motion shall include evidence concerning the likely age, education, experience, and English-language facility of the class members.

11.    If the Court rejects any proposed order, notice, objection form, exclusion form or claim form, any revised version shall be accompanied by a "red-lined" version showing how the earlier version was modified

The Order

12.    The proposed order shall include, as attachments to the order, the proposed notice, proposed exclusion form, proposed objection form, and any proposed claim form. Because the Court may modify those proposed forms, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement.

13.    Counsel shall carefully review both the terms and the terminology of the proposed order and accompanying forms (proposed notice, objection form, exclusion form, and claim form, if any) to confirm that the various documents are consistent with each other and with the settlement agreement.

14.    The Court prefers objections to be submitted to the claims administrator. If objections are to be filed directly with the court, the proposed order shall provide that the notice shall be accompanied by an objection form that bears the case caption or that otherwise prominently states the case name and case number.

15.    The proposed order shall not include a provision that an objecting party must appear, either personally or through counsel, at the final hearing for that party's objection to be considered.

16.    The proposed order shall provide that the notice shall be accompanied by an exclusion ("opt-out") form that the class members may use.

17.    The proposed order shall state the name of any claims administrator.

18.    If the proposed order includes a provision enjoining the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period, the motion shall include citations to authority for such an injunction.

Exhibit A, Page 39

Notice

19.    The notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

20.    To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice should clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

21.    The notice shall advise the class members of where they can find the settlement agreement, by describing the full title and filing date of the declaration or other document to which it is attached.

Claim Form

22.    If the Court preliminarily approves the use of a claims-made settlement process, the information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to process the claim.

Objection Form

23.    The proposed order shall include an objection form.

24.    The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (a) identify the objector as a person entitled to object to the settlement and (b) to describe the nature of the objection.

25.    If a claims process is used, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

Exclusion Form.

26. The proposed order shall include an exclusion form.

F.    Motions for Final Approval of a Settlement

If the matter is settled and a motion for final approval of the settlement is filed:

1.    Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant (a) describes the services performed by the declarant to further the prosecution of the action, (b) estimates the time incurred by the declarant in performing those services, (c) describes any risks undertaken by the declarant in prosecuting the action, (d) describes any adverse

consequences actually suffered by the declarant as a result of prosecuting the action, and (e) describes any benefits received by the declarant as a result of prosecuting the action.

2. Any request for compensation for the services of any claims administrator shall be supported by a declaration from the claims administrator describing the services performed, the time incurred to perform those services, and either the hourly rate charged for those services or the agreed-upon flat fee.

3. Any request for compensation for attorney's fees shall be supported by copies of the time records maintained by the plaintiff's attorneys, or if no such records exist, then by a declaration (a) describing in detail the nature of the legal services provided and (b) estimating the time incurred in performing those services. The declaration shall also describe the hourly rate or rates customarily charged by the attorney for the attorney's time during the period in which those services were performed.

4. Any request for compensation for expenses incurred by the plaintiff's attorney shall be supported by a declaration or other evidence itemizing the expenses incurred.

5. The order granting the motion for final approval shall set a deadline for the filing of a report concerning the amount of money distributed. (Code Civ. Proc., § 384, subd. (b).)

G. <u>Final Report Hearing</u>

1. Any report pursuant to Code of Civil Procedure section 384, subdivision (b), shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts, and, if there is unpaid residue to be distributed, shall be accompanied by a proposed amended judgment.

2. If the settlement provides that any unclaimed or otherwise unpaid residue of the settlement proceeds are to be distributed to a proposed cy pres recipient, class counsel shall:

a. Disclose whether there is any relationship between the proposed cy pres recipient and (i) any class representative or other party or (ii) any attorney for any party.

b. Provide a declaration from a knowledgeable person from the proposed cy pres recipient establishing that the recipient is either (i) a nonprofit organization or foundation that supports projects that will benefit the class or similarly situated persons, or that promotes the law consistent with the objectives and purposes of the underlying cause of action, (ii) a child advocacy program, or (iii) a nonprofit organizations providing civil legal services to the indigent. (See Code Civ. Proc., § 384, subd. (b).) In particular, that declaration shall describe the history of the recipient, the types of projects that it has conducted or supported over the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

Exhibit A, Page 41

c.    In the Court's view, Code of Civil Procedure section 384, subdivision (b), lists the possible recipients of unpaid residue in a descending order of preference. If the cy pres recipient proposed by the parties is one involved in child advocacy or that provides civil legal services to the indigent, class counsel shall provide a declaration explaining why the parties did not propose an organization that will either "benefit the class or similarly situated persons, or . . . promote the law consistent with the objectives and purposes of the underlying cause of action."

## H.    Requests for Dismissal of Class Claims

If the plaintiff seeks to dismiss the action or the class allegations in the action:

1.    The plaintiff or plaintiff's counsel must file a declaration that complies with California Rules of Court, rule 3.770(a), pertaining to any consideration being paid for the dismissal. Because the purpose of the requirement is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

2.    Because the Court must also decide whether notice should be given to actual or potential class members (Cal. Rules of Court, rule 3.770(c)), plaintiff and plaintiff's counsel shall each provide a declaration which states (a) whether the existence of the action, either by formal notice or informal discussion, has been given to any of the potential class members by either the plaintiff or plaintiff's counsel, and (b) if so, the nature and extent of that notice.

3.    Plaintiff shall submit a proposed order of dismissal. Any order dismissing class claims shall be without prejudice.

## I.    Motions Regarding Class Certification

1.    No motions on the issue of whether a class should be certified may be filed without court permission.

2.    The hearing date for a motion for class certification or a motion to decertify a class shall be set by the department after the motion is fully briefed.

_____

Sharon J. Waters, Judge of the Superior Court

Exhibit A, Page 42

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street - 2nd Floor
Riverside, CA  92501
www.riverside.courts.ca.gov

CLERK'S CERTIFICATE OF MAILING

JUAN C AVALOS

    vs.                                      CASE NO. RIC1801026

AMAZON.COM LLC

TO:  JAMES HAWKINS APLC
     9880 RESEARCH DRIVE
     SUITE 200
     IRVINE CA 92618

I certify that I am currently employed by the Superior Court of
California, County of Riverside and I am not a party to this action
or proceeding. In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence. Such
correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the attached
Case management orders on this date, by depositing
said copy as stated above.

                            Court Executive Officer/Clerk

Dated: 01/26/18                 by: _____
                               LETICIA HALL, Deputy Clerk

**Exhibit A, Page 43**